# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# charlotte DIVISION
# CIVIL ACTION NO. 3:13-CV-380-FDW

| | |
|---|---|
| Janet lee cogar, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| carolyn w. colvin, Commissioner of ) | |
| social security ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Janet Lee Cogar's Motion for Summary Judgment (Doc. No. 11), and Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment. (Doc. No. 12). For the reasons set forth below, Plaintiff's Motion is DENIED, Defendant's Motion is GRANTED, and the Administrative Law Judge's ("ALJ") decision is AFFIRMED.

## I. FACTUAL BACKGROUND

Cogar seeks judicial review of an unfavorable decision on her application for disability benefits. (Doc. No. 11).

On November 19, 2009, Cogar filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 401 et. seq., alleging an inability to work due to a disabling condition beginning December 1, 2006. (Tr. 219). When the Commissioner denied Cogar's application, Cogar subsequently requested a hearing which was held on January 9, 2012. Id. at 56-80.

On March 19, 2012, the Administrative Law Judge ("ALJ") issued a decision finding Cogar not disabled. Id. at 140-54. Specifically, the ALJ found that Cogar suffered from arthritis, status

1

post left shoulder fracture, depression, and borderline intellectual functioning. Id. at 146. The impairments were severe within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App.1. Id. at 147. The ALJ then found that Cogar retained the Residual Functional Capacity ("RFC") to perform light work. Id. at 149. Specifically, the ALJ found Cogar could:

> perform light work as defined in 20 CFR 416.967(b) except that the claimant must be allowed to alternate positions from sitting to standing; the claimant can only occasionally climb, balance, stop, kneel, crouch, and crawl; the claimant cannot push or pull with her right leg; the claimant cannot push, pull, or reach overhead with her left arm; the claimant is limited to unskilled, simple, routine, repetitive work that deals with things; and the claimant must work in a nonproduction setting with limited interaction with others.

Id. Based upon this RFC and the testimony of a Vocational Expert ("VE"), the ALJ concluded that Cogar could not perform her past relevant work as a personal care worker. Id. at 153. However, given Cogar's age, education, work experience, and RFC, the ALJ found that 830 laundry folding positions in North Carolina and 35,000 laundry folding positions nationwide constituted significant numbers of jobs Cogar could perform and found Cogar not disabled during the relevant period. Id. at 153-54.

On May 14, 2012, Cogar filed a request for review by the Appeals Council. Id. at 18. By notice dated June 10, 2013, the Appeals Council declined Cogar's request for review. Id. at 1-5. Cogar appealed to this Court June 21, 2013. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District

2

Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne v. Astrue, 3:09-CV-412-FDW-DSC, 2011 WL 1239800, at *2 (W.D.N.C. March 30, 2011).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; and Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome, so long as there is substantial evidence in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Cogar was "disabled," as defined for Social Security purposes, on December 1, 2006.[1] The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. C.F.R. § 404.1520(a). The five steps are:

---

1 Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

(20 C.F.R. §§ 404.1520(a)(4)(i-v)). In this case, the ALJ determined that Cogar was not disabled under the fifth step in the above evaluation process. (Tr. 154). Particularly, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id. at 153.

On appeal, Cogar contends the ALJ erred on three issues: (1) the ALJ failed to adequately develop the record and prejudiced Cogar; (2) the ALJ improperly applied the Medical-Vocational Guidelines; and (3) the ALJ improperly relied on the VE's testimony. (Doc. No. 11).

### A. The ALJ had no further duty to develop the record, and even if the ALJ did, Cogar was not prejudiced

To remand the ALJ's decision, the claimant must show the ALJ failed to adequately develop the record, and that such failure was prejudicial to the claimant. Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). First, Cogar argues the ALJ failed to adequately develop the record. (Doc. No. 11). Based on the alleged failure, Cogar next contends that she was prejudiced. Id.

### i. The ALJ adequately developed the record

Cogar asserts the ALJ failed to adequately develop the record when it did not obtain her updated medical records. (Doc. No. 11). Specifically, Cogar contends the ALJ had a duty to obtain medical records dating from 2010 that were generated by five different health providers. Id. Cogar further argues her pro se status entitled her to a heightened duty, making the failure to develop the record more egregious. Marsh, 632 F.2d at 299 ("Under such circumstances [as pro se status], the ALJ should 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'") (quoting Gold v. Sec'y of Health, Educ. & Welfare, 463 F.2d 38, 43 (2d Cir. 1972)).

For decades, the Fourth Circuit has held that an ALJ has a duty to further develop the record when the evidence is inadequate to make a finding as to disability. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). However, the ALJ is not required to further develop the record where sufficient facts exist to determine disability. Scarberry v. Chater, No. 94-2000, 1995 WL 238558, at *4 n.13 (4th Cir. April 25, 1995). The duty simply does not extend so far as to require the ALJ to function as the claimant's substitute counsel. Bell v. Chater, No. 95-1089, 1995 WL 347142, at *4 (4th Cir. June 9, 1995); 20 C.F.R. § 416.912(c) ("You must provide medical evidence showing that you have an impairment(s)."). Further, "the ALJ's duty to develop the record does not excuse the claimant from the burden of producing evidence to establish disability." Teague v. Astrue, No. 1:11CV198-MR-DSC, 2012 WL 1835668, at *4 (W.D.N.C. Apr. 26, 2012); see also Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987) (explaining that "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so"); 20 C.F.R. § 416.912(c) ("[Y]ou must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s).").

The Court finds Cogar's argument without merit. Cogar had ample opportunity to supplement the record, failed to do so, and the Court finds nothing that indicates she was deprived a full and fair hearing. Further, while Cogar is no longer pro se, counsel for Cogar still has not tendered the missing medical records to the Court. Indeed, Cogar is permitted by law to supplement the record subsequent to the ALJ's decision, 20 C.F.R. § 404.970(b). See Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Also, though Cogar is correct that the Fourth Circuit requires the ALJ to assume a more active role in pro se cases, she fails to point to how the ALJ did not fulfill his obligation. See Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980) ("It is equally settled that in pro se cases, [ALJs] have a duty to assume a more active role in helping claimants develop the record."). On the contrary, the ALJ fully discharged the duty that precedent contemplates. The ALJ questioned Cogar about all relevant matters, including her education level (eighth grade), her ability to read and write, her living conditions, her former work, her daily activities, and her subjective complaints of pain. (Tr. 62-76).

More importantly, the ALJ is not limited to developing the paper record but is permitted to develop the record in several ways, including requesting evidence, questioning witnesses, and subpoenaing witnesses. 20 C.F.R. §§ 404.944, 404.950(d). So long as substantial evidence exists to support the ALJ's decision, remand is inappropriate. 42 U.S.C. § 405(g). Here, the ALJ did not solely rely on the absence of medical records in its determination. Instead, the ALJ looked to a myriad of factors to determine whether Cogar was disabled, including Cogar's testimony, her work history, expert opinions, and objective clinical findings. (Tr. 150-52). Moreover, the objective clinical findings consisted of three separate evaluations. Id. at 151. During these evaluations, the examining doctors would have observed ailments the missing medical records discussed. However, the doctors did not note any unrecognized impairments. Thus, because

6

Cogar fails to show a lack of substantial evidence to support the ALJ's decision, remand is inappropriate.

### ii. Cogar was not prejudiced

Cogar further contends she was prejudiced by the ALJ's failure to adequately develop the record. (Doc. No. 11). More particularly, Cogar argues the missing medical records' procurement would have afforded greater insight into her impairments. Id. With these records, Cogar believes the outcome of her case would be different. Id. However, it is clear that even with the missing medical records, the result remains unchanged.

Only where the ALJ fails to adequately develop the record, and such failure is prejudicial to the claimant, may the court remand the case. Marsh, 632 F.2d at 300. A claimant is prejudiced where, but-for the error, the outcome would be different. See Camp v. Massanari, No. 01-1924, 2001 WL 1658913, at *1 (4th Cir. Dec. 27, 2001) (failing to adequately develop the record is harmless error absent a "showing that additional evidence would have been produced that might have led to a different decision.") (quoting Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000)). Thus, the claimant must show that remand would result in a finding of disability. Dover v. Astrue, No. 1:11CV120, 2012 WL 1416410, *5 (W.D.N.C. Mar. 19, 2012) ("even assuming that the ALJ did err, such error by the ALJ was harmless because remand would not lead to a different result.").

Here, no error occured. Cogar misconstrues the attention the ALJ paid to the lack of medical records and attempts to magnify a minor component of the ALJ's decision. (Doc. No. 11) ("The ALJ's statement reflects that his decision was based, at least in part, on a lack of treatment records."). The ALJ did not find the lack of medical records dispositive, but rather considered the entire record. (Tr. 149). In fact, the ALJ is prohibited from solely considering

7

inadequate evidence submitted by the claimant. Cook, 783 F.2d at 1173 ("[The ALJ] cannot rely only on the evidence submitted by the claimant when that evidence is inadequate."). On the contrary, the ALJ must adequately develop the record before it can reach a disability decision. Cook, 783 F.2d at 1173. In the instant case, the ALJ based its decision on several factors and cited substantial evidence in reliance. (Tr. 149-53) (citing the testimony of Cogar, objective clinical findings, diagnostic images, objective clinical findings, Cogar's reported activities, Cogar's inconsistent work history, the opinions of two experts, and the determination of a State agency medical consultant). Additional medical evidence from the past would not have changed the evidence before the ALJ or the outcome. Arguing that the ALJ relied in part on the lack of medical evidence is not enough to overcome the burden Cogar faced. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) ("The applicant bears the burden of production and proof."). Thus, Cogar's argument for remand fails.

Because the ALJ adequately developed the record and, even if he had not, any error was harmless, substantial evidence supports the ALJ's decision and remand is inappropriate.

### B. The ALJ properly applied the Medical Vocational Guidelines

Next, Cogar contends the ALJ improperly applied the Medical Vocational Guidelines ("the Grids") when it consulted a Vocational Expert ("VE") to find Cogar capable of performing light work as opposed to sedentary work. (Doc. No. 11).

To promote uniformity in decision making at step-five, the Social Security Administration developed the Grids. SSR 83-10, 1983 WL 31251, at *1. The Grids are fact based generalizations about the availability of jobs for persons of varying ages, educational backgrounds, and prior work experience, with differing RFCs. Gory v. Schweiker, 712 F.2d 929, 930 n.2 (4th Cir. 1983). These standards help determine whether a claimant who cannot return to

his former work can perform other work that exists in significant amounts in the national economy. Id. SSR 83-12 notes that where a claimant's RFC does not fit into one single Grid, a VE may be consulted to determine which Grid applies. More specifically:

> Where the Grids would result in different conclusions and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS assistance is advisable for these types of cases.

SSR 83-12, 1983 WL 31253, at *3. However, where the claimant's limitations place them significantly below the Grid's determination, the lower rule may be adopted, and a finding of disabled is justified. SSR 83-12, 1983 WL 31253, at *2.

Here, Cogar fails to establish a significant reduction in her exertional capacity. Instead of citing unconsidered factors by the ALJ, Cogar recites the same used to determine in which grid Cogar belonged. See (Tr. 153-54) (considering Cogar's age, education, work experience, and RFC). Rather, what Cogar asks for is the de novo review of the ALJ's decision, an action this Court is not permitted to do. See Smith, 795 F.2d at 345 ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence). Based on the ALJ's representations in the report, substantial evidence existed to support a finding that the limitations did not significantly reduce Cogar's exertional capacity. The ALJ considered Cogar's age, her education, her employment history, and consulted with a VE to determine if these limitations significantly eroded the number of jobs available. (Tr. 154-54). Relying on the substantial amount of relevant evidence, the ALJ concluded that these limitations did not affect the availability of jobs, found Cogar capable of performing light work and, consequently, not disabled.

Furthermore, Cogar's assertion that the ALJ improperly utilized the services of the VE to discern which Grid was proper contradicts binding precedent. See Golini v. Astrue, 483 F. App'x 806 (4th Cir. 2012) (holding the use of a VE was proper to determine whether a claimant with a sit-stand requirement met the definition of sedentary or light work classifications). Cogar fails to cite any authority prohibiting the ALJ from consulting with a VE to determine which Grid applies.

Here, the ALJ correctly applied the Plaintiff's RFC to the Grids. The ALJ properly utilized the services of a VE to determine which, if any, Grid Cogar belonged in. After consulting with the VE, the ALJ found Cogar was capable of performing light work as opposed to sedentary work. (Tr. 149). This determination was proper and will not be remanded.

Because the ALJ properly applied the Grids, substantial evidence supports the ALJ's decision and remand is inappropriate.

### C.   Reliance on the VE's testimony was proper

Generally, the ALJ has a duty to specify the sit-stand option to the VE and to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). See SSR 96-9p; SSR 00-4p. Additionally, when the VE fails to show a significant number of jobs in the national economy that the claimant can perform, the ALJ must find the claimant disabled. See Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987).

In the instant case, Cogar contends that reliance on the VE's testimony was improper. More specifically, Cogar argues the ALJ erred in three ways: 1) the ALJ failed to further specify the sit-stand option to the VE; 2) the ALJ failed to resolve conflicts between the Dictionary of Occupational Titles ("DOT") and the VE's testimony; and 3) the VE did not provide a sufficient number of jobs. (Doc. No. 11). However, the specificity given to the VE regarding the sit-stand

option was sufficient, no conflict existed between the DOT and the VE's testimony, and the VE provided a sufficient number of jobs that Cogar can perform.

### i. The ALJ had no duty to further specify the sit-stand option to the VE

Cogar argues the ALJ erred by not specifying a frequency for the sit-stand option in the assessed RFC. (Doc. No. 11). However, this contention is without merit, as the ALJ did specify the frequency of such an option in his hypothetical to the VE. (Tr. 77) (informing the VE that Cogar must be allowed to alternate from sitting and standing "to accommodate discomfort."). Cogar incorrectly assumes a greater degree of specificity is required to properly inform the VE of her limitations. Indeed, this Circuit has held no need for special clarity exists, because it would further burden the social security agency to "support its decisions by more than the statutorily designated substantial evidence burden." Walls v. Barnhart, 296 F.3d 287, 291 (4th Cir. 2002).

Therefore, because the ALJ did cite the frequency which Cogar must be permitted to sit-stand, and because this circuit requires no further specificity regarding the sit-stand option, the VE was adequately informed about the sit-stand option and there was no error.

### ii. No conflict existed for the ALJ to resolve

Cogar next contends that the VE's testimony on jobs with a sit-stand option was in conflict with the ("DOT") because it does not mention the sit-stand option in any of its job descriptions. (Doc. No. 11). Based on this perceived conflict, Cogar contends the ALJ had a duty to resolve the conflict before relying on the VE's testimony. Id. Because the ALJ did not do this, Cogar asserts, any reliance on the VE's testimony was in error. Id.

While SSR 00-4p requires the ALJ to resolve conflicts between the VE's testimony and the DOT, this Court already recognizes no conflict between the two regarding the sit-stand option. Because the DOT is silent on the availability of the option, it cannot be said that a VE testifying about the option would be in conflict with the DOT. See Luke v. Astrue, 1:11-CV-196-MKR, 2013 WL 498797, at *5 (W.D.N.C. Feb. 11, 2013). Accordingly, there was no need to resolve a conflict and no conflict exists.

### iii. The VE provided a sufficient number of jobs at step five

Lastly, Cogar argues she should be found disabled because the 800 laundry folding jobs in North Carolina and 35,000 such jobs nationally are not significant enough to fulfill the Commissioner's burden at step five. (Doc. No. 11).

If the claimant meets their burden through all four of the preceding steps in the disability determination, the burden shifts to the Commissioner for the final step. Coffman, 829 F.2d at 518. The government must show that other jobs exist in the national economy that the claimant can perform. Id. While Cogar is correct in her recitation of the law, she incorrectly interprets it. The law requires the government to demonstrate that other work exists in "significant numbers", not that more than one category of job exists in significant numbers. 20 C.F.R. § 416.960(c)(2). Cogar fails to cite any authority countering this interpretation. The Fourth Circuit has previously found as few as 110, 153, and even 650 jobs significant enough to satisfy the Commissioner's burden. See Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (finding three jobs with 110 positions in the area amounted to a significant number); Hodges v. Apfel, No. 99-2265, 2000 WL 121251, at *1 (4th Cir. Jan. 28, 2000) (finding 153 jobs equaled a significant number); Hyatt v. Apfel, No. 97-2225, 1998 WL 480722, at *3 (4th Cir. Aug. 6, 1998) (finding 650 jobs in South Carolina constituted a significant number). With these numbers in mind, clearly 830

laundry folding jobs in North Carolina and 35,000 laundry folding jobs nationally account for "significant numbers." (Tr. 154).

## IV. CONCLUSION

The final decision of the ALJ conforms to the applicable law and is supported by substantial evidence. **THEREFORE, IT IS HERBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: April 30, 2014

Frank D. Whitney
Chief United States District Judge